## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.

KEESHA MONTGOMERY,

     Plaintiff,

vs.

STEVEN S. VALANCY, P.A.,

     Defendant.

_____/

## <u>COMPLAINT</u>

COMES NOW, the Plaintiff, KEESHA MONTGOMERY, ("Montgomery") by and through undersigned counsel, and brings this action against the Defendant, STEVEN S. VALANCY, P.A. ("VALANCY"), and as grounds thereof would allege as follows:

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and § 559.55, et seq. Fla. Stat., known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## <u>JURISDICTION AND VENUE</u>

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over

which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under U.S. Const. art. III.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## APPLICABLE LAW

### FDCPA

7. The purpose of the FDCPA is "to eliminate abusive debt collection practices and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

8. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." Id. § 1692e.

9. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f.

10. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

11. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

12. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

13. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

14. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

**FCCPA**

15. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. See generally § 559.72, Fla. Stat.

16. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing § 559.552, Fla. Stat.).

17. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

18. The FCCPA creates a private right of action under § 559.77, Fla. Stat.

19. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." § 559.55(8), Fla. Stat.

20. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. § 559.72, Fla. Stat. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co., Inc.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

21. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

## PARTIES

22. Plaintiff is a natural person who currently resides in Lauderhill, Florida.

23. Defendant, VALANCY, is a private law firm who regularly engages in the collection of debts on behalf of others, and practices from a principal address of 311 S.E. 13th Street, Fort Lauderdale, FL 33316.

24. At all times relevant to this Complaint, Valancy was and is a "person" as said term is defined under § 1.01(3), Fla. Stat., and is subject to the provisions of § 559.72, Fla. Stat. because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in § 559.55(6), Fla. Stat.

25. At all times relevant to this Complaint, Valancy regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. § 1692a(6) and § 559.55(7), Fla. Stat.

26. At all times relevant to this Complaint, Valancy regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

27. At all times relevant to this Complaint, Valancy was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

28. Upon information and belief, the primary function of Valancy's business is to collect payment on accounts owned by other entities.  Indeed, a review of the docket reveals that Defendant through his law firm has filed more than 5,000 lawsuits seeking to collect debts for a plethora of homeowner's associations. Moreover, Defendant enclosed a copy of the Fair Debt Collection Practices Act when it sent its illegal dunning letter to Plaintiff.

29. Valancy was hired to collect the disputed debt from Plaintiff. Defendant's dunning letter specifically states that they are working on behalf of Majestic Gardens Condominium in an attempt to collect $5,661.76 from Plaintiff.  (see Exhibit "A.")

30. The debt that Valancy sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes, specifically, homeowner's assessments from Plaintiff's primary residence.

31. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3) and § 559.55(2), Fla. Stat., and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

32. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. § 1692a(5) and § 559.55(1), Fla. Stat.

## BACKGROUND AND GENERAL ALLEGATIONS

33. As a result of financial difficulties, Plaintiff was forced to seek protection via Chapter 7 bankruptcy, which included her primary residence and accompanying assessments.

34. There is no doubt that Defendant has actual knowledge that Plaintiff included the alleged debt in her bankruptcy, as the dunning letter specifically states that it is an "In Rem Claim of Lien."  (See Exhibit "A," attached)

35. The dunning letter further states that the Homeowner status is" Bankruptcy Case Open."  (See Exhibit "A.")

36. Finally, the dunning letter specifically states that "since you received a discharge in bankruptcy this letter regarding your association assessments is not an attempt to collect a debt from you personally."  (See Exhibit "A.")

37. Accordingly, there is no argument to be made that Defendant has full knowledge that the purported debt was discharged via bankruptcy.

38. However, despite having this actual knowledge, Defendant inexplicable demanded that Plaintiff pay Defendant $5,661.76. (See Exhibit "A,")

39. Defendant wrote in bolded letters the following: "**You must remit payment in full within thirty (30) days after your receipt of this letter**. (Bold in original) Payment must be in the form of a check or money order payable to Steven S. Valancy, P.A. trust account and received by this office."  Defendant's address and telephone number is included in the collection letter. (See Exhibit "A.")

40. This demand letter is extraordinarily confusing, and is leaps and bounds ahead of what the least sophisticated consumer would be able or expected to understand.  On one hand, Defendant specifically acknowledges that Plaintiff is not responsible for the fees at issue, but in the very next breath, Defendant demands payment of these fees from Plaintiff within thirty (30) days, and has an accompanying illegal threat that additional attorneys' fees and costs will continue to accrue if Plaintiff does not make the

requested payment.

41. Plaintiff refused to pay the sum above as she is not indebted to Defendant for any sum of money.

42. As a direct result of Defendant's conduct, Plaintiff was deprived of her right to receive true and accurate information, was in fear of what Defendant would do in light of the fact that they were seeking payment of a discharged debt, and threatening additional attorneys' fees and costs.  Defendant's conduct caused Plaintiff to suffer anxiety and stress, and forced to devote her time and efforts to retain a law firm to help her, all while a global Pandemic is underway.

## COUNT I-VIOLATION OF FDCPA: 15 U.S.C. § 1692e

43. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 42.

44. 15 U.S.C. § 1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

45. The amounts that Defendant sought to collect in Exhibit "A" are a false representation of the character, amount, and legal status of the debt, in that Plaintiff is not indebted to anyone for these amounts.

46. Further, Defendant used a false representation in an attempt to collect a debt that Plaintiff simply does not owe.

7

47. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. § 1692e.

48. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged.

49. Plaintiff was relieved to know that this matter was behind her when she went through the bankruptcy process, an unpleasant experience in and of itself.

50. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with Defendant unlawfully attempted to collect a debt that Plaintiff does not owe, and making false representations to the contrary.

51. Plaintiff has hired Loan Lawyers, LLC, and Consumer Law Organization, P.A.to represent her in this action and has agreed to pay a reasonable attorney's fee.

52. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000,00, nominal damages, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 U.S.C. § 1692f

53. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 42.

54. 15 U.S.C. § 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

55. Charging fees after a matter has been discharged via bankruptcy is a violation of the

8

FDCPA as a matter of law.

56. There is no underlying agreement that allows Defendant to charge these fees.  To the contrary, the underlying agreement expressly disallows the collection of these fees.

57. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. § 1692f.

58. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged.

59. Plaintiff was relieved to know that this matter was behind her when she emerged from the bankruptcy process.

60. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with Defendant's FDCPA violation when Defendant unlawfully attempted to collect a debt that Plaintiff does not owe by using unfair and unconscionable means.

61. Plaintiff has hired Loan Lawyers, LLC and Consumer Law Organization, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

62. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recovery for actual damages, nominal damages, statutory damages of up to $1,000.00, together with reasonable attorney's fees and court costs.

**COUNT III-VIOLATION OF FCCPA, § 559.72(9), Fla. Stat.**

63. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 42.

64. § 559.72(9), Fla. Stat. states:

> "In collecting debts, no person shall…(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

**FLORIDA STATUTES § 559.72(9), Fla. Stat.**

65. Defendant has knowledge that the debt does not exist in that it is charged with the knowledge of documents in its file, of which Exhibit "A" is a part of.

66. By knowingly attempting to collect a debt that Plaintiff does not owe, and by charging interests, fees and charges, and threatening to charge attorneys fees and costs, Defendant has claimed, attempted, or threatened to enforce a debt when Defendant knew that debt was not legitimate.

67. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated § 559.72(9), Fla. Stat.

68. Plaintiff was relieved to know that this matter was behind her when she exited the bankruptcy process.

69. However, that relief turned to stress, shock, anxiety, worry, and loss of time having to deal with Defendant's FCCPA violation when Defendant unlawfully attempted to collect a debt that Plaintiff does not owe.

70. Plaintiff has hired Loan Lawyers, LLC and Consumer Law Organization, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

71. As a result of the above violations of the FCCPA, pursuant to Florida Statute

72. §559.77(2), Plaintiff is entitled to recovery for actual damages, nominal damages, statutory damages of up to $1,000.00 violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully asks this Court to enter an order granting judgment for the following:

10

(a) For actual damages, statutory damages, nominal damages, costs, and reasonable

attorney's fees, pursuant to 15 U.S.C. § 1692k, and § 559.77(2), Fla. Stat.; and

(b) Such other relief to which this Honorable Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Date: March 24, 2021                              Respectfully Submitted,

*/s/ J. Dennis Card Jr.*                          */s/ Matthew D. Bavaro*
J. Dennis Card, Jr., Esq.                         Matthew D. Bavaro, Esquire
FL Bar No.: 0487473                               FL Bar No.: 175821
E-mail: dennis@cloorg.com                         E-mail: matthew@fight13.com
CONSUMER LAW                                      LOAN LAWYERS, LLC
ORGANIZATION, P.A.                                3201 Griffin Road #100
721 US Highway 1, Suite 201                       Fort Lauderdale, FL 33312
North Palm Beach, Florida 33408                   Telephone: (954) 523-4357
Telephone: (561) 822-3446                         Facsimile:  (954) 581-2786
Facsimile:  (305) 574-0132                        *Attorney for Plaintiff*
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing has been electronically furnished

to the counsel for parties listed below via CM/ECF on this 24th day of March 2021.

*/s/ J. Dennis Card Jr.*
J. Dennis Card, Jr., Esq. (FL Bar No: 0487473)

11